UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-50043-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF DETENTION |
| vs. | ) | |
| | ) | |
| MARLENA JO POND, | ) | |
| a/k/a MAR POND, | ) | |
| | ) | |
| Defendant. | ) | |

Marlena Jo Pond appeared before the court on Wednesday, November 20, 2013, and entered a plea of guilty to conspiracy to distribute a controlled substance. This court recommended that Ms. Pond's plea be accepted and that she be adjudged guilty.

After entering the plea, Ms. Pond sought release on bond until the time of her sentencing, citing her performance on pretrial release prior to November 20, her continuing aftercare treatment for substance abuse, and the need to provide care for her children. The government moved for detention of Ms. Pond pending sentencing.

Pursuant to 18 U.S.C. § 3143(a)(2), a person who has been found guilty of an offense in a case described in 18 U.S.C. § 3142(f)(1)(C) and is awaiting the imposition or execution of a sentence shall be detained unless:

  (A) (i)  The judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
      (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

  (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Ms. Pond has been found guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, 841(a), and 841(b)(1)(C). This offense falls under 18 U.S.C. § 3142(f)(1)(C), as the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more for this offense.

Ms. Pond did not proceed to trial, so 18 U.S.C. 3143(a)(2)(A)(i) does not apply. The government has not recommended that no sentence of imprisonment be imposed, so 18 U.S.C. § 3143(a)(2)(A)(ii) does not apply. Even if Ms. Pond can present evidence that she is not likely to flee or pose a danger to any other person or the community, she must still be detained pending sentencing, absent exceptional circumstances. See 18 U.S.C. §§ 3143(a)(2), 3145(c). Ms. Pond's proffered reasons do not constitute exceptional circumstances justifying Ms. Pond's release post-plea. See United States v. Scott Krantz, No. 13-2792 , 2013 WL 5302631(8th Cir. Sept. 23, 2013); United States v. Nickell, 2013 WL 1787972 (8th Cir. Apr. 26, 2013); United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007); United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993). Accordingly, the court has determined that Ms. Pond should be detained.

In coming to this conclusion, the court has considered:

(1)  the nature and circumstances of the offense charged;

(2)  the weight of the evidence against the defendant;

(3)  the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well

        as court appearance record;

(4)    the nature and seriousness of the danger posed to other persons in the community if defendant were to be released; and

(5)    the presumption against release of the defendant under 18 U.S.C. § 3143 because the defendant has entered a plea of guilty to a felony offense, specifically an offense for which a maximum term of imprisonment of ten year or more is prescribed by the Controlled Substances Act.

However, the court does find reasons justifying allowing Ms. Pond a reprieve of a few days in order to make arrangements for someone to take custody and care of her two minor children, an eventuality she had not addressed prior to today's hearing. See United States v. Franklin, 843 F. Supp. 2d 620 (W.D.N.C. 2012) (allowing defendant a temporary furlough to make arrangements for the care of his sixteen-year-old son who had special needs). Accordingly, good cause appearing, it is hereby

ORDERED defendant Marlena Jo Pond shall report to the United States Marshals Service at the Andrew W. Bogue Federal Courthouse, 515 Ninth Street, Room 321, Rapid City, South Dakota, at **9:00 a.m. on Monday, November 25, 2013,** for detention pending sentencing or further order of the court. Upon Ms. Pond's so reporting, it is further

ORDERED that she is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending her sentencing before the district court. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government,

the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated November 20, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE